**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Judson T. Mihok
Assistant United States Attorney
Judson.Mihok@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4903
MAIN: 410-209-4800
FAX: 410-962-0716

May 2, 2016

Joseph P. Meadows, Esq.
Law Offices of Joseph P. Meadows, LLC
104 Victory Lane, Suite 101
Bel Air, MD  21014

Re: United States v. Michael Francis Chaney, JFM 16-0140

Dear Mr. Meadows:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on May 16, 2016, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Counts Two and Five of the Indictment pending against him which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), respectively. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

#### Distribution of Child Pornography (Count Two)

First, that on or about September 24, 2013, the Defendant knowingly distributed a visual depiction;

Second, said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

Third, the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

1

Fourth, said visual depiction is of a minor engaged in sexually explicit conduct; and

Fifth, the Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

### Possession of Child Pornography (Count Five)

First, on or about February 6, 2015, the Defendant knowingly possessed a visual depiction;

Second, the depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

Third, producing the visual depiction involved using a minor engaged in sexually explicit conduct;

Fourth, the depiction is of a minor engaged in sexually explicit conduct; and

Fifth, the Defendant knew that at least one of the individuals in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct; and

Sixth, the Defendant knew that at least one of the individuals in the visual depiction was of a prepubescent minor, that is, a minor under the age of 12, depicted in sexually explicit conduct.

### Penalties

3. The maximum sentence provided by statute for the offenses to which your client is pleading guilty is as follows: (1) for Count Two (Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1)), a mandatory minimum of five (5) years of incarceration, with a maximum of twenty (20) years of incarceration, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000; and (2) for Count Five (Possession of Child Pornography, in violation of 18 U.S.C. §§2252A(a)(5)(B) and (b)(2)), a maximum of twenty (20) years of incarceration, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment for each offense pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau

of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his

case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

       g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

       h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

       a.    The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(1).

       b.    Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

       c.    Pursuant to U.S.S.G. §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain.

       d.    Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the material portrays sadistic or masochistic conduct or other depictions of violence.

       e.    Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the possession and distribution involved the use of a computer.

f. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated adjusted base offense level is thirty-seven (37).

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence of 72 months of imprisonment, to be followed by at least five years and up to lifetime supervised release, consistent with Paragraph 12. The sentence may also include restitution as well as the applicable special assessment.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. Should the defendant choose to file a sentencing memorandum in this matter, the defendant agrees to file any such memorandum ten business days prior to the date of sentencing.

## Rule 11 (c) (1) (C) Plea

12. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 72 months of imprisonment, to be followed by at least five years and up to a lifetime term of supervised release, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare

the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Waiver of Appeal

13. The Defendant and this Office knowingly and expressly waive all rights conferred by 28 U.S.C. § 1291 to appeal the conviction and 18 U.S.C. § 3742 to appeal the sentence provided it is the sentence indicated in paragraph 12(72 months of imprisonment), as well as applicable restitution, special assessment, and fine that may be imposed, and any issues that relate to the establishment of the advisory guidelines range. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

14. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the Indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Obstruction or Other Violations of Law

16. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the

Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Forfeiture

17.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on February 6, 2015, including, but not limited to: a Gateway laptop computer, s/n: LXWM802002023215471601, made in China, containing a Seagate 320GB hard disk drive, s/n: 6VD5JGP8, made in China; a PNY 32GB USB flash drive, made outside the State of Maryland; a PNY Attaché 2GB USB flash drive, made outside the State of Maryland; a SanDisk Cruzer Micro 1GB USB flash drive, s/n: BB0710JEIB, made in China; and a Toshiba 1TB external hard drive, model: v63700-C, s/n: Z20DW2Y3TSX3, made in China; as well as any other items seized which were forensic analysis establishes were used to distribute and/or possess child pornography. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

18.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Entire Agreement

19.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement,

7

please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5/13/2016                                    _____
Date                                         Michael Francis Chaney

I am Mr. Chaney's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/13/16                                      _____
Date                                         Joseph P. Meadows, Esq.

8

## EXHIBIT A – STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Michael Francis Chaney (CHANEY), age 71, is a resident of Whiteford, Maryland.

Over the course of several years, CHANEY utilized various email addresses, including, but not limited to, STylor2015@gmail.com and sparkzzzz.tylor0@yahoo.com (which had an alternate email address of manforboy2011@yahoo.com) to both send and receive images and videos of child pornography via the internet. For example, in March 2012, CHANEY sent five (5) email messages from his sparkzzzz.tylor0@yahoo.com email account to another email account which collectively contained 35 images of minors engaged in sexually explicit conduct, to include a file entitled "photo 3.jpg", distributed on March 27, 2012, which depicts a naked prepubescent male being anally penetrated by an adult male's penis. Again on September 24, 2013, CHANEY utilized the sparkzzzz.tylor0@yahoo.com to distribute a visual depiction of a minor engaging in sexually explicit conduct utilizing the email address, including, but not limited to, a file entitled "17.jpg," which depicts a prepubescent female kneeling before a male with the male's erect penis penetrating her mouth.

After confirming that the IP address utilized to upload the above child pornography files resolved to the Defendant's residence in Harford County, a search warrant was applied for, authorized, and executed on February 6, 2015. Agents seized a number of items, including, but not limited to, a Gateway laptop computer, s/n: LXWM802002023215471601, made in China, containing a Seagate 320GB hard disk drive, s/n: 6VD5JGP8, made in China; a PNY 32GB USB flash drive, made outside the State of Maryland; a PNY Attaché 2GB USB flash drive, made outside the State of Maryland; a SanDisk Cruzer Micro 1GB USB flash drive, s/n: BB0710JEIB, made in China; and a Toshiba 1TB external hard drive, model: v63700-C, s/n: Z20DW2Y3TSX3, made in China.

Forensic analysis of the above referenced items revealed that all had images depicting minors engaged in sexually explicit conduct stored on them. The images included prepubescent minors and minors involved in sadistic, masochistic or other depictions of violence. There were approximately 1,941 videos and 23,381 images of child pornography. These images and video files depicting child pornography had been downloaded from various websites on the Internet, and the Defendant had actively traded these images and videos of child pornography with other individuals via the Internet.

The images the Defendant distributed in and affecting interstate commerce and possessed at his residence depicted prepubescent minors, under the age of 12, engaged in sexually explicit conduct, to include images depicting sadistic and masochistic conduct, as well as other depictions involving violence. The Defendant sought out these visual depictions on the Internet and knowingly distributed them via the internet. The Defendant knew the images depicted minors engaged in sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

5/13/2016
Date

Michael Francis Chaney


I am Michael Francis Chaney's attorney. I have carefully reviewed every part of this Factual Stipulation with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/13/16
Date

Joseph P. Meadows, Esq.